UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**DOUGLAS J. SMIHULA,**

    **Plaintiff,**

**v.**                                                     Case No: 8:24-cv-1332-MSS-NHA

**NAVY FEDERAL CREDIT UNION,**

    **Defendant.**

_____

## ORDER

This matter is before the Court on Plaintiff's third attempt to state a claim against Defendant Navy Federal Credit Union under the soundly rejected theory of "vapor paper" or "vapor money." Under this theory, Plaintiff claims that by sending him a payoff document upon which he affixed his name and certain rote legal phrases, Navy Federal Credit Union paid off Plaintiff's loan that he owes to Navy Federal Credit Union. This Court lacks jurisdiction to hear this frivolous claim and **ORDERS** that this case is **DISMISSED WITH PREJUDICE**.

Plaintiff originally filed a *pro se* Complaint against Navy Federal for breach of contract and violation of section 673.3031, Florida Statutes on May 31, 2024. (Dkt. 1) He filed an Amended Complaint on July 16, 2024 (Dkt. 4), and has now filed a nearly identical Complaint (Dkt. 29) ("Second Amended Complaint"), attempting to assert the same causes of action. The only insignificant changes made between the Amended Complaint and the Second Amended Complaint are that Plaintiff corrected

Defendant's name and added an alleged "receipt of payments made to Navy Federal Credit Union."

Plaintiff, however, has again failed to plead any facts to establish the jurisdiction of this Court. Accordingly, the Second Amended Complaint must be dismissed, pursuant to Federal Rule of Civil Procedure 12(b)(1).

On its face, the Second Amended Complaint establishes that there is no subject matter jurisdiction because (a) there is no diversity jurisdiction because the amount in controversy does not exceed $75,000, and (b) Plaintiff does not allege any cause of action under federal law.

As Defendant properly states: "Diversity jurisdiction requires both diversity of citizenship between the parties and an amount in controversy exceeding $75,000." See Welch v. Atmore Cmty. Hosp., 704 F. App'x 813, 817 (11th Cir. 2017) (citing 28 U.S.C. § 1332(a)(1)).[1] Courts must dismiss a claim for lack of jurisdiction when "it is apparent, to a legal certainty, that the plaintiff cannot recover [the requisite amount in controversy]." See Deen v. Egleston, 597 F.3d 1223, 1228 (11th Cir. 2010) (alterations in original). "[O]nce it is clear that as a matter of law the claim is for less than [$75,000], the [court] is required to dismiss" the claims. See Morrison v. Allstate Indem. Co., 228 F.3d 1255, 1272 (11th Cir. 2000) (alterations in original).

As to jurisdictional amount, in his request for relief, Plaintiff requests "[s]pecial

---

[1] The Court notes that "[a]lthough an unpublished opinion is not binding on this court, it may be considered as persuasive authority. See 11th Cir. R. 36-2." United States v. Futrell, 209 F.3d 1286, 1289 (11th Cir. 2000). Where cited herein, any unreported decision of a panel of the Circuit is considered well-reasoned and is offered as persuasive, not binding.

performance of the contract or restitution of the parties in the amount of Forty Four thousand dollars $44,000.00." (Dkt. 1 at ¶ 12(1))  Thus, it is apparent, to a legal certainty, that the plaintiff cannot establish the requisite amount in controversy. Deen, 597 F.3d at 1228.

The Court's jurisdiction is also not invoked on the basis of the "federal question doctrine."  Plaintiff fails to plead any claim arising under federal law.  He references no federal statutes or constitutional law provisions in his complaint to support his demand for relief.  Nor could he, as none exist.

Both defects were pointed out to Plaintiff in the Defendant's Motion to Dismiss (Dkt. 30) and in the subsequently filed Motion for Summary Judgment (Dkt. 37). Plaintiff has filed no response to the demand for dismissal or the motion for summary judgment.  He did file a premature Motion for Summary Judgment (Dkt. 32) in which he reiterates the debunked vapor money theory of liability on which the claim is based. This is no substitute for pleading diversity or federal question to invoke this Court's jurisdiction.

While *pro se* litigants are afforded some leniency in pleading and proceedings, they must still meet fundamental requirements of law to proceed in federal court. Plaintiff has failed despite several opportunities.  It is facially apparent that the Complaint's pleading requirements cannot be cured.

Accordingly, the Second Amended Complaint is **DISMISSED WITH PREJUDICE**. The Clerk is directed to **CLOSE THIS CASE**.

**DONE** and **ORDERED** in Tampa, Florida this 27th day of August 2025.

_____
MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel of Record
Any Unrepresented Party